RALPH C. STULTS *ads*. JAMES BUCKELEW.

1. Where a declaration charges one single act of trespass, and the defendant pleads in justification a replication which traverses the several matters of justification, and also new assigns, and sets forth other trespasses, is bad for duplicity, and on motion for that purpose the court will order the replication to be stricken out.

2. Where but a single act of trespass is charged and is justified, the new assignment admits its justification and abandons the charge, and in effect puts the plaintiff out of court.

3. A new assignment should narrow the charge, and make the particular trespass complained of more specific. In the case of a single act of trespass, it is an attempt to enlarge the cause of action stated in the declaration, and cannot be allowed.

Stults ads Buckelew.

4. If the act sought to be justified was excessive, or was committed with more violence than the subject of justification authorized, that may be put on the record by the replication, and not by a new assignment which sets up a different trespass.

In trespass.   On motion to strike out replication

Argued before Justices OGDEN and HAINES.

HAINES, J.   The replication to the fourth plea is faulty for duplicity.   It presents more than one issue, namely, one as to the existence of the highway mentioned in the plea, and another as to the authority of the defendant to enter upon it, to remove obstructions or repair it.   It denies, moreover, that Henry H. Stults was elected overseer of the highways, and also that the district of road which it is alleged includes the place where the trespass is supposed to have been committed, ·was assigned and set off to him as such overseer.   It further denies that the defendant, Ralph C. Stults, was acting as the servant and agent of Henry H. Stults, and by his authority and command.

That duplicity renders a replication faulty, is too well settled to require authority to prove it, or even to be denied.   It is true the defect cannot be reached by a general demurrer, and that the special demurrer is virtually abolished by the act of March 17th, 1855.   But this replication is so framed as to embarrass and prejudice a fair trial of the action.   One issue may be found for the plaintiff and another for the defendant.   If it should be found that there was a highway, but that the defendant had no right to enter and commit the alleged trespass, it would embarrass the verdict and judgment.   Hence, by ·the 24th section of that act, it is the subject of a motion to strike out.

The declaration charges one single act of trespass, and the defendant justifies it.   The plaintiff traverses the several matters of justification, and also new assigns setting forth other trespasses on the same day and in the

same place. This mode of pleading is objectionable. The new assignment presupposes that more than one trespass has been committed; and by it the plaintiff declares that his action was brought not for that which is admitted and justified, but for another and different trespass committed on another and different occasion, and which the defendant has not answered by his plea.

The effect in general is to admit that one of the apparent trespasses has been justified, and it operates as an entire waiver and abandonment of that particular trespass.

Where but a single act of trespass is charged, and is justified, the new assignment admits its justification and abandons the charge, and in effect puts the plaintiff out of court. 1 *Chit. Pl.* 628, 632.

The new assignment should narrow the charge. It should ascertain with precision and make more specific the particular trespass complained of; but in the case of a single act of trespass it is an attempt to amplify the cause of action stated in the declaration, and cannot be allowed. 1 *Chit. Pl.* 633; 1 *Saunders' Pl.* 299, *note* 6.

Again, the traverse of a justification of a single act of trespass, together with a new assignment, is defective on the ground of duplicity. By the same pleading it denies the facts of justification, and sets up a new and distinct cause of action. 1 *Chit. Pl.* 633; 10 *East* 73; *Ib.* 81, and note; 7 *Taunt.* 156.

If the act sought to be justified was excessive, or committed with more violence than the subject of justification authorized, that may be put on the record by the replication, and not by a new assignment of a different trespass. 7 *Moore* 33.

The replication to the fourth plea, and also the new assignment, must be stricken out, with the costs of this motion.

OGDEN, J., concurred

CITED *in Davidson* v. *Schenck*, 2 *Vr.* 177.